# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA B.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 1791 |
| v. | ) | |
| | ) | Magistrate Judge Laura K. McNally |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of | ) | |
| Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>[3]

Before the Court is Patricia B.'s brief in support of summary judgment, asking

the Court to remand the Administrative Law Judge's ("ALJ") decision denying her

application for disability benefits (D.E. 10: Pl. Brief. in Support of Summ. J., "Pl. Brief")

---

[1] The Court in this order is referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court.

[2] The Court substitutes for her predecessor, Martin O'Malley, Carolyn Colvin, as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[3] On June 2, 2022, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to the magistrate judge for all proceedings, including entry of final judgment. (D.E. 8.)

and Defendant's motion and brief in support of summary judgment (D.E. 11: Def. Mot. for Summ. J.; D.E. 12: Def. Mem. in Support of Summ. J.: "Resp.").

## I.     Procedural History

Plaintiff applied for disability insurance benefits on February 6, 2020, alleging disability beginning January 23, 2020. (R. 14.) Her date last insured was September 30, 2023. (*Id.*) After a hearing at which Plaintiff and a vocational expert testified, on August 26, 2021, the ALJ found Plaintiff was not disabled and Plaintiff appealed. (R. 22.)[4] For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

## II.     The ALJ Decision

The ALJ applied the Social Security Administration's five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date (R. 16.) At Step Two, the ALJ determined that Plaintiff had the following severe impairments: status-post cerebrovascular accident; hypertension; and migraine headaches. (*Id.*) At Step Three, the ALJ found that none of Plaintiff's impairments met a Listing. (*Id.*) Before Step Four, the ALJ determined that Plaintiff had a residual functional capacity for:

---

[4] The Appeals Council subsequently denied review of the second opinion (R. 1), making the ALJ's decision the final decision of the Commissioner. *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023).

2

sedentary work as defined in 20 CFR 404.1567(a) except she has following limitations: she can lift and/or carry up to 10 pounds occasionally and lighter weights frequently, and has no limitations in her total ability to sit throughout an 8 hour workday. The claimant can stand and/or walk off and on for a total of two out of eight hours. The claimant can occasionally climb ramps and stairs, and she can occasionally stoop, kneel, balance, crouch, and crawl, but she can never climb ladders, ropes, or scaffolds. She can never reach overhead with either upper extremity. She can frequently use her right hand to perform gross manipulation. She is not limited in her ability to perform fine manipulation with her right upper extremity, and in unimpaired in her ability to handle or finger using her left upper extremity. The claimant is limited to working in non-hazardous environments, i.e., no driving at work, operating moving machinery, and working at unprotected heights or around exposed flames; and she should avoid concentrated exposure to unguarded hazardous machinery.

(*Id.*)

At Step Four the ALJ found that Plaintiff was able to perform her past relevant work as an Administrative Clerk. (R. 21.) Based on that finding, the ALJ held that Plaintiff was not disabled. (R. 22.)

## III. Legal Standard

The Court does not "merely rubber stamp the ALJ's decision on judicial review." *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022) An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize

3

the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054.

The Seventh Circuit added that "[a]t times, we have put this in the shorthand terms of saying an ALJ needs to provide a 'logical bridge from the evidence to his conclusion.'" *Id*. (citation omitted). The Seventh Circuit further has clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). The district court's review of the ALJ's opinion "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal quotations omitted).

## IV.    Analysis

Plaintiff issues a single issue in favor of remand: whether the ALJ erred at Step Four by finding Plaintiff could perform her previous work—a job classified at the light exertion level—while also assigning her a sedentary residual functional capacity. A

claimant is not disabled at Step Four of the sequential evaluation if she could perform her past relevant work either as generally performed *or* as she actually performed it. *See* SSR 82-62; 20 C.F.R. § 404.1560(b) (emphasis added). Although not required at Step Four of the sequential evaluation, an ALJ may enlist a vocational expert to "offer expert opinion in response to a hypothetical question" about whether "physical or mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work." 20 C.F.R. § 416.960(b).

At the hearing, after hearing Plaintiff testify, the vocational expert classified Plaintiff's prior job as administrative clerk, Dictionary of Occupational Titles (DOT) number 219.362-010, with an SVP of 4.[5] (R. 81.) As the vocational expert explained and the ALJ acknowledged, the DOT classifies this job as light work, and it was also light work as Plaintiff actually performed it. (R. 21.)[6] The vocational expert further testified, however, in her experience, the administrative clerk job is generally performed at the sedentary level. (R. 84, 91.)  Plaintiff argues that the ALJ erred by finding Plaintiff could

---

[5] SVP stands for "specific vocational preparation" and is a measure of the time and training required to lean a job.

[6] SSA regulations define light work as lifting no more than 20 pounds with frequent lifting or carrying of objects up to 10 pounds.  A job classified as light requires a "good deal" of walking and standing, which is the main difference between sedentary and most light jobs. https://www.ssa.gov/OP_Home/rulings/di/02/SSR83-10-di-02.html_visited_on_January_13, 2025. The vocational expert's determination that Plaintiff performed the job at the light level was apparently based on her testimony that she walked for up to four hours in an eight-hour workday. (R. 82, 91.)

perform her prior job while also assigning her a residual functional capacity for sedentary work. (Pl. Mem. at 9.)

Under SSR 00–4p, an ALJ has an "affirmative responsibility" to ask whether a vocational expert's evidence "conflicts with information provided in the DOT" before relying on that evidence to support a determination of nondisability. SSR 00–4p at 4; *see Surprise v. Saul*, 968 F.3d 658, 662 (7th Cir. 2020). If evidence from a vocational expert "appears to conflict with the DOT," SSR 00–4p requires further inquiry: an ALJ must obtain "a reasonable explanation for the apparent conflict." SSR 00–4p at 5; *Overman v. Astrue*, 546 F.3d 456, 462–63 (7th Cir. 2008). Here, the ALJ satisfied this first step by asking the vocational expert if her testimony was consistent with the DOT. The vocational expert correctly answered that there was a conflict between the DOT's classification of the administrative clerk job as light and the vocational expert's opinion that the job is generally performed at the sedentary level. (R. 91.) Therefore, the ALJ properly questioned the vocational expert further about the inconsistency.

The vocational expert then testified that in her experience, the administrative clerk position is generally performed at the sedentary level in the national economy. (R. 91-92.) She also testified that she has personally placed individuals into administrative clerk positions at the sedentary level, and that she has never placed an individual in an administrative clerk position at greater than the sedentary level. (*Id.*) The vocational expert further clarified that her deviation from the DOT classification was based on her

6

professional experience and placement of individuals in the administrative clerk position. (*Id.*)

In making his Step Four determination, the ALJ specifically found that Plaintiff could perform the job of administrative clerk as "generally performed;" that is, at the sedentary level described by the vocational expert. (R. 22.) The ALJ explained that making his determination, he relied on the vocational expert testimony and experience placing individuals in the job of administrative clerk. (*Id.*) The ALJ thus supported with substantial evidence his decision to rely on vocational expert testimony that conflicted with the DOT. *See Overman*, 546 F.3d. 456, 464 (7th Cir. 2008) (ALJ may rely on vocational expert's testimony that conflicts with DOT when vocational expert]'s "experience and knowledge in a given situation exceeds that of the DOT authors.")

Plaintiff did not challenge the vocational expert's testimony or experience at the administrative hearing, and she therefore has forfeited any objection to it. *See Fetting v. Kijakazi*, 62 F.4th 332, 337 (7th Cir. 2023). Instead, she argues, that the ALJ "did not properly rectify the conflicts between Plaintiff's past work as generally and actually performed and the testimony of the [vocational expert]." (D.E. 13: Pl. Reply at 1-2). This argument seems to be based on the fact that the ALJ determined that Plaintiff's past relevant work was both generally (per the DOT) and actually performed at the light level. (Reply at 2.) The Court concludes that the ALJ did adequately rectify the conflict between Plaintiff's past work and the vocational expert's testimony. As explained

above, the vocational expert explained why her own experience showing that the administrative clerk job is generally performed at the sedentary level, despite the fact that both the Dictionary and Plaintiff's prior performance of this job were classified as light level work. The ALJ properly resolved this conflict and explained why he relied on the vocational expert's testimony and experience.[7]

The ALJ was entitled to rely on the vocational expert 's unchallenged and uncontradicted testimony that Plaintiff can perform her past work as generally performed in the national economy, pursuant to the VE's testimony. As such, the ALJ did not err at Step Four.

**CONCLUSION**

---

[7] Defendant also points out that it is irrelevant that Plaintiff performed her previous job at the light level because the vocational expert testified that the majority of available administrative clerk jobs were sedentary. *See Getch v. Astrue,* 539 F.3d 473 (7th Cir. 208) (ALJ does not need to conclude that claimant is capable of returning to the precise job she used to have; it is enough that the claimant can perform jobs substantially like that one.)

For the foregoing reasons, the Court denies Plaintiff's motion for summary judgment seeking to reverse and remand the ALJ's decision (D.E. 10) and grants the Commissioner's motion for summary judgment. (D.E. 11.)

**SO ORDERED.**

**ENTER:**

**LAURA K. MCNALLY**
**United States Magistrate Judge**

**DATED: January 21, 2025**